JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MATTHEW MARVEL

**(b)** County of Residence of First Listed Plaintiff   Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary Kramer; Murphy Law Group, LLC; Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia. PA 19103: 267-273-1054

## DEFENDANTS

MARVEL MASONRY, INC.

County of Residence of First Listed Defendant   Chester
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |     Liability   ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &     Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act |     Slander     Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 330 Federal Employers'     Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| |     Liability   ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine     Injury Product | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product     Liability | | | (15 USC 1681 or 1692) |
| ☐ 190 Other Contract |     Liability   **PERSONAL PROPERTY** | **LABOR** | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| |     Product Liability   ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | |
| | ☐ 360 Other Personal     Property Damage | ☐ 751 Family and Medical | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** |     Injury   ☐ 385 Property Damage |     Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 362 Personal Injury -     Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure |     Medical Malpractice | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | **CIVIL RIGHTS**    **PRISONER PETITIONS** | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 440 Other Civil Rights   **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 441 Voting   ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | ☐ 442 Employment   ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 443 Housing/ Accommodations   ☐ 530 General | | | |
| | ☐ 445 Amer. w/Disabilities - Employment   ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | ☐ 446 Amer. w/Disabilities - Other   **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| |     ☐ 550 Civil Rights | | | |
| |     ☐ 555 Prison Condition | | | |
| |     ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

Brief description of cause:
FAILURE TO PAY OVERTIME COMPENSATION

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
Apr 17, 2026

SIGNATURE OF ATTORNEY OF RECORD
/s/ Mary Kramer

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 8 Bramble Lane, West Grove, PA 19390 _____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                    Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?   Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.**   *Federal Question Cases:*

☐  1.   Indemnity Contract, Marine Contract, and All Other Contracts)
☐  2.   FELA
☐  3.   Jones Act-Personal Injury
☐  4.   Antitrust
☐  5.   Wage and Hour Class Action/Collective Action
☐  6.   Patent
☐  7.   Copyright/Trademark
☐  8.   Employment
☐  9.   Labor-Management Relations
☐  10.  Civil Rights
☐  11.  Habeas Corpus
☐  12.  Securities Cases
☐  13.  Social Security Review Cases
☐  14.  Qui Tam Cases
☐  15.  Cases Seeking Systemic Relief **\*see certification below\***
☒  16.  All Other Federal Question Cases. *(Please specify)*: FLSA_____

**B.**   *Diversity Jurisdiction Cases:*

☐  1.   Insurance Contract and Other Contracts
☐  2.   Airplane Personal Injury
☐  3.   Assault, Defamation
☐  4.   Marine Personal Injury
☐  5.   Motor Vehicle Personal Injury
☐  6.   Other Personal Injury *(Please specify)*:_____
☐  7.   Products Liability
☐  8.   All Other Diversity Cases: *(Please specify)*_____
        _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☐ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------------------------

MATTHEW MARVEL                    :
313 Roney Street                  :
Kennett Square, PA 19348          :        Civil Action No.: _____
                                  :
            Plaintiff,   :        **JURY TRIAL DEMANDED**
                                  :
    v.                        :
                                  :
MARVEL MASONRY, INC.              :
8 Bramble Lane                    :
West Grove, PA 19390              :
                                  :
            Defendant.   :

---------------------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff, Matthew Marvel ("Plaintiff") hereby brings this action against Defendant Marvel Masonry, Inc. ("Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action contending that Defendant has unlawfully failed to pay him overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

2. Plaintiff regularly worked more than 40 hours per week but was not paid overtime compensation as required by the FLSA/PMWA in that Plaintiff was not paid an overtime premium calculated at 1.5 times his regular rate of pay for each hour worked in excess of 40 hours in a work week.

3. As a result of Defendant's improper and willful failure to pay Plaintiff in accordance with the requirements of the FLSA/PMWA, Plaintiff has suffered damages.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as his federal claims. See 28 U.S.C. § 1367(a).

6. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in this district.

## PARTIES

7. Plaintiff is a citizen of the United States and Commonwealth of Pennsylvania, currently residing at 313 Roney Street, Kennett Square, PA 19348.

8. Defendant, Marvel Masonry, Inc., is a for-profit business entity, duly organized and existing under the laws of the Commonwealth of Pennsylvania, and is registered and licensed to engage in business in the Eastern District of Pennsylvania, with a principal place of business of 8 Bramble Lane, West Grove, PA 19390.

9. Defendant is a covered enterprise and employer under the FLSA in that, in each of the past 3 years, it had an annual dollar volume of sales or business done of at least $500,000, and had multiple employees (including, but not limited to Plaintiff) engaged in commerce within the meaning of the FLSA.

10. Plaintiff was employed by Defendant during all relevant times hereto and, as such, was an employee entitled to the FLSA's protections.

11.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment for Defendant.

## FACTUAL BACKGROUND

12.     Paragraphs 1 through 11 are hereby incorporated by reference as though the same were fully set forth at length herein.

13.     In or around April 2018, Plaintiff began working for Defendant in the role of Mason Crew Leader and/or Foreman.

14.     Throughout the course of his employment with Defendant, Plaintiff performed his job well, received positive feedback, and was given no justifiable discipline.

15.     From the beginning of Plaintiff's employment in or around April 2018 until on or about May 31, 2024, Plaintiff was compensated on a salary basis.

16.     During the aforementioned time period, Defendant did not provide Plaintiff overtime compensation for hours worked over 40 per work week.

17.     From in or around April 2018 until on or about May 31, 2024, Plaintiff routinely worked over 40 hours per work week.

18.     More specifically, Plaintiff routinely worked approximately 50 hours per work week.

19.     However, regardless of the actual hours per week Plaintiff worked, he was not paid overtime compensation at a rate of 1.5 times his regular rate of pay for those hours worked in excess of 40 per workweek.

20.    For example, during the week of May 11, 2024 through May 18, 2024, Plaintiff worked 51.5 hours, but did not receive any overtime compensation for the approximately 10.5 hours of overtime he worked that workweek.

21.    By way of further example, during the workweek of April 29, 2023 to May 6, 2023, Plaintiff worked 50 hours, but did not receive any overtime compensation for the approximately 10 hours of overtime he worked that workweek.

22.    Accordingly, Plaintiff was not compensated for all hours worked over 40 hours.

23.    Plaintiff was not compensated at 1.5 times his regular rate of pay for all hours over 40 for each workweek.

24.    As a Mason Crew Leader and/or Foreman, Plaintiff had the same responsibilities as Defendant's Mason Crew team members, such as production of brick or stone, or handling demolition, and was required to work side by side with his team members all day.

25.    Plaintiff's primary duty was laying production of brick or stone, or handling demolition, the same as the Mason Crew team members.

26.    Plaintiff provided the aforementioned services on a schedule determined by Defendant, who instructed Plaintiff where and when to report to work.

27.    Defendant maintained similar control over the manner by which Plaintiff performed his duties as Mason Crew Leader and/or Foreman in that Defendant was responsible for assigning duties, clients, and work to Plaintiff and determining the schedule and length of work.

28.    Defendant paid Plaintiff on a salary basis for all hours worked.

29.    Defendant unlawfully misclassified Plaintiff as an "exempt" employee, thus determining that he was not entitled to overtime compensation under the FLSA and PMWA.

30.    Defendant failed to pay Plaintiff any overtime compensation for the hours worked over 40 in a workweek.

31.    Upon information and belief, Defendant failed to supply information via posters and/or handbook(s) regarding overtime compensation.

32.    At all times material hereto, Defendant did not post and/or failed to post employee rights protected under the FLSA/PMWA in a conspicuous space for employees to readily read.

33.    The above-referenced behavior evidences the willfulness of Defendant's violations of the FLSA/PMWA.

34.    Plaintiff was not exempt from overtime compensation pursuant to the exemption for executive employees under the FLSA/PMWA.

35.    In this regard, Plaintiff did not have the authority to hire and/or fire other employees employed by Defendant, nor did he give any suggestions or recommendations regarding hiring or employee status changes to which Defendant lent significant weight.

36.    Despite his title, Plaintiff was expected to perform the same job duties and responsibilities as his coworkers, and any and all significant managerial responsibilities were left in the control of Defendant.

37.    Plaintiff was not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

38.    In this regard, Plaintiff's primary duties did not include the performance of office and/or non-manual work directly related to the management or general business operations of Defendant.

39.    Additionally, Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to matters of significance and he did not have the authority

to formulate, implement, or otherwise deviate from Defendant's pre-established policies and standard operating procedures. Rather, Plaintiff performed his job duties within and subject to specific instructions and/or guidelines provided by Defendant.

40.    Accordingly, Plaintiff was not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

41.    Additionally, Plaintiff did not perform work requiring advanced knowledge in a field of science or learning acquired through a prolonged course of intellectual instruction.

42.    Accordingly, Plaintiff was not exempt from overtime compensation pursuant to the exemption for learned professionals under the FLSA/PWMA.

43.    There are no other exemptions under the FLSA/PWMA which could arguably be applicable to Plaintiff in his role as Mason Crew Leader and/or Foreman.

44.    Accordingly, at all times relevant hereto, Plaintiff was a "non-exempt" employee under the FLSA/PMWA, and entitled to receive overtime compensation at a rate of 1.5 times his regular rate of pay for all hours worked over forty (40) in a work week.

45.    As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201,** *et seq.*
**FAILURE TO PAY OVERTIME COMPENSATION**

46.    Paragraphs 1 through 45 are hereby incorporated by reference as though the same were fully set forth at length herein.

47.    Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

48. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

49. According to the policies and practices of Defendant, Plaintiff was required to work in excess of 40 hours per week. Despite working in excess of 40 hours per week, Plaintiff was denied overtime compensation at 1.5 times his regular rate of pay for all work performed in excess of forty 40 hours per week in violation of the FLSA.

50. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

51. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

52. Defendant is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A. Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff for the work performed in excess of 40 hours per week;

B. Awarding Plaintiff's back overtime wages in an amount consistent with the FLSA;

C.  Awarding Plaintiff liquidated damages in accordance with the FLSA;

D.  Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

E.  Awarding pre- and post-judgment interest and court costs as further allowed by law;

F.  All additional general and equitable relief to which Plaintiff may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

53.  Paragraphs 1 through 52 are hereby incorporated by reference as though the same were fully set forth at length herein.

54.  The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to their employees.  See 43 P.S. § 333.113.

55.  The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one-half times the employee's regular rate" for hours worked in excess of 40 hours in a workweek.  See 43 P.S. § 333.113.

56.  By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

57.  As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs, and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A.      An award to Plaintiff for the amount of unpaid overtime compensation to which he is entitled, including interest thereon, and penalties subject to proof;

B.      An award to Plaintiff of reasonable attorney's fees and costs pursuant to the PMWA; and

C.      An award to Plaintiff for any other damages available to him under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: /s/*Mary Kramer*
Mary Kramer, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
mkramer@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: April 17, 2026

## DEMAND TO PRESERVE EVIDENCE

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.